Case 3:07-cv-01338-P   Document 1   Filed 08/02/07   Page 1 of 10

ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG - 2 2007
CLERK, U.S. DISTRICT COURT
By _____
      Deputy

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NO HIGHER TAXES, STEVE PRUITT, and DEBRA PRUITT | § § § | |
| Plaintiffs | § | |
| v. | § § | CIVIL ACTION NO. |
| CLIFF GRIFFIN, individually and in his capacity as Code Enforcement Supervisor, JULIE COUCH, individually and in her capacity as City Manager, and CITY OF ROCKWALL | § § § § § | 3-07CV-1338P |
| Defendants | § § | |

## COMPLAINT

Plaintiffs complain of Defendants, and would show, for their causes of action:

### STATEMENT OF CLAIM

1. Plaintiffs bring this civil action for injunctive, declaratory, and monetary relief, seeking redress from Defendants for deprivation of their constitutional rights, under color of law, in violation of the First Amendment to the United States Constitution. Plaintiffs also seek declaratory and injunctive, but no monetary, relief for violations of their free speech rights under the Texas Constitution (Art. 1, §§ 8, 27) and for violation of Tex. Local Gov't Code §216.903.

### JURISDICTION AND VENUE

2. This Court has jurisdiction to hear Plaintiffs' federal claims under 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction to hear Plaintiffs' state law claims.

3. This Court is the proper venue because the events complained of occurred within Rockwall County and the City of Rockwall.

### PARTIES

4. All the parties reside in this County.

5. Plaintiff No Higher Taxes is an unincorporated association, based in Rockwall County. The group is devoted to accountability in government, and most of its members choose

to remain anonymous for concerns of reprisal. No Higher Taxes is represented in this suit by two named members, Diana Sue Whitten and Mary Lou Curtis.

6. Plaintiffs Steve and Debra Pruitt are the owners of Brakes Plus Automotive, located at 802 S. Goliad in the City of Rockwall.

7. At all relevant times, Defendant Cliff Griffin was employed by the City of Rockwall as a Code Enforcement Officer, and as such, was responsible for upholding the laws of the United States and Texas and acting as the agent, servant, and employee of the City of Rockwall. He is sued individually and in his official capacity.

8. At all relevant times, Defendant Julie Couch was employed by the City of Rockwall as the City Manager, and as such, was responsible for upholding the laws of the United States and Texas and acting as the agent, servant, and employee of the City. She is sued individually and in her official capacity.

9. Defendant City of Rockwall is a Home Rule City, with full power and rights of self government as provided by the Constitution and laws of Texas. The municipal government is of City Council-Manager form. The Council, consisting of elected City Council Members and the Mayor, appointed the City Manager, who is directly responsible to the Council for the execution of laws and the administration of government of the City.

10. In all their actions described herein, Defendants were acting under color of law and pursuant to legal authority. They each may be served at 385 S. Goliad, Rockwall, TX 75087.

STATEMENT OF FACTS

11. Plaintiff No Higher Taxes owns and publicly displays a sign on with messages critical of Rockwall County and City government and officials. Posted messages have included, among others, the salaries of the county commissioner and the county judge, a statement that money was missing from the county treasury, and an accusation that County Commissioner Bruce Beatty had accepted a free trip to Cancún, Mexico, from a contractor in business with

Rockwall County (*See* Plaintiffs' Exhibit 1).

12. Prior to placing its sign, Plaintiff No Higher Taxes called the city code enforcement office to ensure that the sign met regulations. Oral permission was granted to put up the sign. In November 2005, Plaintiff No Higher Taxes placed the sign on 907 S. Goliad, a property owned by Dosville Peoples. After installation, a city code enforcement officer made a physical inspection of the sign, and found it in compliance.

13. Plaintiff No Higher Taxes used the sign to display messages highly critical of county and city government. On or about December 6, 2005, Rockwall Code Enforcement Officer Robert Wysinger attached a violation notice to the sign, demanding the sign's removal within 24 hours. On or about December 15, Dosville Peoples received a violation letter from Defendant Griffin, pertaining to the sign. It demanded the sign's immediate removal and gave a compliance time of 24 hours within receipt of the letter. Further, it threatened Mr. Peoples with "the issuance of a citation and/or a criminal case" for non-compliance. In late December or early January, Mr. Peoples received a nearly identical letter to the one he had received previously.

14. Because of the letter, Mr. Peoples asked Plaintiff No Higher Taxes to remove its sign from his property. Plaintiff moved its sign to the property at 802 N. Goliad, owned by Plaintiffs Steve and Debra Pruitt (hereinafter "the Pruitts"). Plaintiffs made no changes to the sign.

15. On or about January 12, 2006, the Pruitts received a letter from Defendant Griffin, stating the sign violated Rockwall law because it was "attached to a trailer, skid, or similar mobile structure where the primary use of such structure is to provide a base." It also demanded the sign's removal and gave a 24-hour deadline for compliance. The letter further stated failure to comply would "result in the issuance of a Municipal Court Citation from ... the City of Rockwall." In response, Plaintiffs removed the skid on which the sign was placed.

16. In late May or early June 2006, County Commissioner Beaty and City Council Member Matt Scott visited Steve Pruitt at his place of business, and requested he remove the

3

sign from his property. Mr. Pruitt declined.

17. On or about June 6, Commissioner Beaty sent the other county commissioners a draft letter by email. The letter, written on behalf of the County Commissioners Court, and addressed to the State Ethics Commission, requested an investigation of No Higher Taxes and publicly named 12 suspected members. For fear of reprisal, Plaintiff No Higher Taxes makes every attempt to keep the names of its member anonymous. The draft letter was published in a local newspaper.

18. On or about August 29, 2006, the Pruitts received another letter from Defendant Griffin, stating the sign violated "Section III.B.5[1] of the City of Rockwall Sign Ordinance, and Section 216.903 of the Texas Local Government Code." (*See* Plaintiffs' Exhibits 2 and 3). The sign allegedly violated these provisions because it was "clearly of the nature of a sign that is generally available for rent or purchase and designed to carry commercial advertising or other messages that are not primarily political." The letter designated the sign as "not primarily political" because it "was designed to carry commercial advertising or other messages."

19. On or about September 19, 2006, Plaintiffs removed the sign for cosmetic repairs unrelated to the city's demands. They replaced it in the same spot shortly thereafter. On or about December 14, 2006, the Pruitts received another letter from Defendant Griffin. This letter repeated the charges of the August letter, but referenced, for the first time, Code Enforcement case number CE2006-0595 (*See* Plaintiff's Exhibit 4).

20. In April, 2007, the City mayor contacted Mr. Pruitt through an associate, asking that the sign be removed until after local elections in May. Plaintiffs declined.

### FIRST CAUSE OF ACTION:
### VIOLATION OF FEDERAL CONSTITUION

21. The First Amendment prohibits governmental entities from "abridging the freedom

---

[1] Defendant Griffin meant to cite Section III(B)(13), as section III(B)(5) does not apply

of speech ..."

22. Defendants, by their unlawful threats against Plaintiffs, have acted in total disregard of the First Amendment and long-standing precedent thereunder. They have applied Sign Ordinance Section III(B)(13) in a manner that abrogated Plaintiffs' First Amendment rights. Its application furthered no substantial government purpose and was not narrowly tailored to effectuate any such purpose without infringing on Plaintiffs' First Amendment rights.

23. Because Defendants acted in complete disregard of the U.S. Constitution and well-settled precedent, they may not claim immunity or excuse for their unconstitutional conduct.

### A. Defendants Are Applying the Sign Ordinance for Political Reasons

24. Plaintiffs have been outspoken and vocal opponents of the local Rockwall government. Government may not discriminate in the regulation of expression on the basis of content or message. *Police Dept. of Chicago v. Mosley*, 408 U.S. 92, 95 (1972). "Any restriction on expressive activity because of its content would completely undercut the 'profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open.'" *Id., quoting New York Times Co. v. Sullivan*, 376 U.S. 270 (1964).

25. Defendants' actions are clearly motivated by malice. Thet selectively persecuted Plaintiffs for the political content of their speech. Defendants have not threatened the owners of a sign expressing religious speech in the area adjacent to the Pruitts. That sign and Plaintiffs' are similar in size, appearance, and proximity to the road (*See* Plaintiffs' Exhibit 5).

### B. The Sign Ordinance Is Invalid Due to Overbreadth

26. The Sign Ordinance delegates overly broad discretion to City Code Enforcement Officers and sweeps too broadly in its restriction of constitutionally protected speech. *Forsyth County, Georgia v. Nationalist Movement*, 505 U.S. 123 (1992). Its enforcement against persons using signs for political speech that may be "designed to carry commercial advertising" or other non-political messages has the potential to catch all political speech. Any sign could be

designated as designed to carry commercial advertising.

27. This broad restriction is not a reasonable time, place, and manner restriction. *Schad v. Mount Ephraim*, 452 U.S. 61 (1981). Even where a challenged regulation restricts freedom of expression only incidentally or in a small number of cases, Supreme Court jurisprudence calls for strict scrutiny of the governmental interest furthered by the regulation, and the regulation must be narrowly drawn to avoid unnecessary intrusion on freedom of expression.

### C. The Sign Ordinance Is Also Invalid for Vagueness

28. The Sign Ordinance is unconstitutionally vague because it does not establish standards for the public that are sufficient to guard against the arbitrary deprivation of liberty interests. *See City of Chicago v. Morales*, 527 U.S. 41 (1999). It fails to provide the kind of notice that will enable ordinary people to understand what conduct it prohibits, and it encourages arbitrary and discriminatory enforcement. *Id.*

29. The Sign Ordinance can restrict all forms of political signs because any sign can be designated as designed to carry commercial advertising. Thus, it is impossible for an ordinary person to differentiate between prohibited and permissible conduct.

30. The Sign Ordinance allows for selective and discriminatory enforcement. Defendants' selective application of the ordinance is evidenced by the fact that owners of ideological religious signs in the adjacent area have not received similar warnings.

## SECOND CAUSE OF ACTION:
## VIOLATION OF TEXAS CONSTITUTION

31. Defendants violated Plaintiffs' fundamental rights of free speech under Article I, Sections 8 and 29 of the Texas Constitution's Bill of Rights.

32. The Texas Constitution provides an affirmative guarantee of the right to speak freely. *Davenport v. Garcia*, 834 S.W.2d 4, 7 (Tex. 1992); *see also O'Quinn v. State Bar of Texas*, 763 S.W.2d 397, 402 (Tex. 1998) (noting "Texas' free speech right [has been characterized] as being

broader than its federal equivalent," and concluding "it is quite obvious that the Texas Constitution's affirmative grant of free speech is more broadly worded than the first amendment."). It also validates the right of Texas citizens to make their views heard on any subject, and especially political speech:

> Every person shall be at liberty to speak, write, or publish his opinions on any subject, being responsible for the abuse of that privilege; and no law shall ever be passed curtailing the liberty of speech or of the press. Tex.Const. Art. I, § 8.

> The citizens shall have the right, in a peaceable manner, to assemble together for their common good; and apply to those invested with the powers of government for redress of grievances or other purposes, by petition, address or remonstrance. Tex.Const. Art. I, § 27

33. The Texas constitutional right to free speech requires that regulations of expression use the least restrictive means of protecting against the alleged harmful effect. *Ex part Tucci*, 859 S.W. 2d 1, 14 (Tex. 1993). The Sign Ordinance does not use the least restrictive means of regulation, as it overly broad and vague.

34. Defendants acted in total disregard of the Texas Constitution and long-standing precedent. Thus, they may not claim immunity or excuse for their unconstitutional retaliation.

THIRD CAUSE OF ACTION:
VIOLATION OF STATUTORY AUTHORITY

35. Defendants have misapplied and misinterpreted Tex. Local Gov't. Code § 216.903. Application of the law to restrict speech thwarts the legislation's purpose. "The purpose of H.B. 212 is to prohibit municipal regulation of political signs on private real property not subject to an easement. In the recent election cycle, municipalities have attempted to regulate political signs by requiring a $100 deposit before their placement. Citizens have complained that this regulation unconstitutionally restricts 1st Amendment rights." (*See* Plaintiffs' Exhibit 6).

36. In promulgating the Sign Ordinance, the City of Rockwall followed the text of 216.903 with one exception; it inserted the word 'designed' in front of "to carry commercial advertising or other messages that are not primarily political." The addition of "designed" has no basis in the statute and broadens the sweep of the Sign Ordinance so as to make it unconstitutional. All signs are designed to broadcast messages. Therefore, any sign has the

potential to carry commercial advertising.

## DAMAGES

37. Plaintiffs seek actual damages, pursuant to their federal claims, against Defendants for the unnecessary removal of their signs and legal fees accrued in their responses to Defendants' threatening letters. Plaintiffs do not seek damages for their Texas free speech constitutional claim, only declaratory and injunctive relief.

## PUNITIVE DAMAGES

38. Because of the willful, wanton, and malicious nature of Defendants' actions against Plaintiffs, in utter disregard for their rights, Plaintiffs claim punitive damages against Defendants Griffin and Crouch, pursuant to their federal claims. They do not seek punitive damages for their Texas constitutional claim.

## DECLATORY RELEIF

39. This suit involves an actual controversy within the Court's jurisdiction, and the Court may declare the rights of Plaintiff under the Constitution and laws of the United States and Texas, and grant such necessary and proper relief.

## INJUNCTIVE RELEIF

40. Plaintiffs seek injunctive relief, preventing Defendants from further conspiring to and violating, their rights under the Constitutions of the United States and Texas, as described above.

## ATTORNEY'S FEES

41. Plaintiffs are entitled to attorneys' fees and costs, pursuant to 42 U.S.C. §1988.

## PRAYER FOR RELIEF

Therefore, Plaintiffs respectfully pray that this Court:

A. Enter declaratory judgment that:

    1. Defendants intentionally deprived Plaintiffs of their rights to free speech and

assembly under the First Amendment to the United States Constitution and Article I, Sections 8 and 27 of the Texas Constitution; and,

    2. Rockwall City Sign Ordinance Section III(B)(13) is in violation of Tex. Local Gov't. Code § 216.903.

B. Award actual damages pursuant to Plaintiffs' federal claims (but not for Texas free speech constitutional claims);

C. Award punitive damages against Defendants Griffin and Couch, pursuant to Plaintiffs' federal claims (but not for Texas free speech constitutional claims);

D. Enter injunctive relief against Defendants for further use of Rockwall City Sign Ordinance Section III(B)(13) against Plaintiffs' use of their signs;

E. Order Defendants to pay Plaintiffs' attorneys' fees and costs; and,

F. Grant all other and additional relief to which Plaintiffs may be entitled in this action, at law or in equity.

Dated: July 30, 2007

Respectfully submitted,

_____
James Harrington
State Bar No. 09048500
TEXAS CIVIL RIGHTS PROJECT
1405 Montopolis Dr.
Austin, TX 78741
(512) 474-5073 (phone)
(512) 474-0726 (fax)

ATTORNEYS FOR PLAINTIFFS

JS 44 (Rev. 10/06)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

*[Stamped: ORIGINAL]*
*[Stamped: RECEIVED AUG 2 2007 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS]*

## I. (a) PLAINTIFFS
No Higher Taxes, Steve Pruitt, Debra Pruitt

## DEFENDANTS
Cliff Griffin, Julie Couch, City of Rockwall

**(b)** County of Residence of First Listed Plaintiff: **Rockwall**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Rockwall**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number):
James C. Harrington, Texas Civil Rights Project, 1405 Montopolis Dr., Austin, TX 78741, 512-474-5073

Attorneys (If Known):

**3-07CV-1338P**

## II. BASIS OF JURISDICTION
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)
Citizen of This State: PTF [X] 1  DEF [X] 1
Citizen of Another State: PTF [ ] 2  DEF [ ] 2
Citizen or Subject of a Foreign Country: PTF [ ] 3  DEF [ ] 3
Incorporated or Principal Place of Business In This State: [ ] 4 [ ] 4
Incorporated and Principal Place of Business In Another State: [ ] 5 [ ] 5
Foreign Nation: [ ] 6 [ ] 6

## IV. NATURE OF SUIT
[X] 440 Other Civil Rights

## V. ORIGIN
[X] 1 Original Proceeding

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing: **42 U.S.C. 1983**
Brief description of cause: **Violation of free speech rights**

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $
- JURY DEMAND: [ ] Yes [ ] No

## VIII. RELATED CASE(S) PENDING OR CLOSED
JUDGE:                 DOCKET NUMBER:

DATE: 7/30/07
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT #       AMOUNT       APPLYING IFP       JUDGE       MAG. JUDGE