UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NO HIGHER TAXES, STEVE PRUITT and DEBRA PRUITT § § § Plaintiffs § v. § § CLIFF GRIFFIN, individually and in his capacity as Code Enforcement Supervisor, JULIE COUCH, individually and in her capacity as City Manager, and CITY OF ROCKWALL § § § § § § Defendants § | | Civil Action No. 3:07-CV-1338-P ECF |

**DEFENDANT CITY OF ROCKWALL'S ORIGINAL ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND TO PLAINTIFFS' COMPLAINT**

COMES NOW Defendant City of Rockwall ("Defendant" or the "City") and file this its Original Answer, Affirmative Defenses and Jury Demand to Plaintiffs' Complaint.

**I.
STATEMENT OF CLAIM**

1.  Defendant admits that Plaintiffs allege the claims listed in paragraph 1 of Plaintiffs' Complaint. Defendant denies that Plaintiffs are entitled to any such relief. Defendant denies the remaining allegations contained in paragraph 1 of Plaintiffs' Complaint.

**II.
JURISDICTION AND VENUE**

2.  Defendant admits that this Court has jurisdiction over Plaintiffs' claims.

3.  Defendant admits that venue is proper in this Court. Defendant denies the remaining allegations contained in paragraph 3 of Plaintiffs' Complaint.

## III.
## PARTIES

4. Defendant admits that all Defendants reside in Rockwall County. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4 of Plaintiffs' Complaint.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of Plaintiffs' Complaint.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of Plaintiffs' Complaint.

7. The City admits that Defendant Griffin is employed by it as a Code Enforcement Officer and that he is responsible for enforcing certain laws. The City admits that Plaintiffs are suing Defendant Griffin in his individual and official capacity. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7 of Plaintiffs' Complaint.

8. The City admits that Defendant Couch is employed by it as City Manager and that she is responsible for enforcing certain laws. Defendant admits that Plaintiffs are suing Defendant Couch in her individual and official capacity. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 of Plaintiffs' Complaint.

9. Defendant admits the allegations contained in paragraph 9 of Plaintiff's Complaint.

10. Defendant believes that both Defendant Couch and Defendant Griffin carry out their work duties lawfully and, when so doing, could be understood to act under color of law.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10 of Plaintiffs' Complaint.

## IV.
## STATEMENT OF FACTS

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of Plaintiffs' Complaint.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of Plaintiffs' Complaint.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of Plaintiffs' Complaint.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of Plaintiffs' Complaint.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of Plaintiffs' Complaint

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of Plaintiffs' Complaint.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of Plaintiffs' Complaint.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of Plaintiffs' Complaint

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of Plaintiffs' Complaint.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of Plaintiffs' Complaint.

## V.
## FIRST CAUSE OF ACTION: VIOLATION OF FEDERAL CONSTITUTION

21. Defendant is not required to respond to paragraph 21 of Plaintiffs' Complaint because it is a statement of law.

22. Defendant denies the allegations contained in paragraph 22 of Plaintiffs' Complaint.

23. Defendant denies the allegations contained in paragraph 23 of Plaintiffs' Complaint.

### A. Defendants Are Applying the Sign Ordinance for Political Reasons.

24. Defendant is not required to respond to sentences 2 and 3 of paragraph 24 of Plaintiffs' Complaint because they are statements of law.

25. Defendant denies the allegations contained in paragraph 25 of Plaintiffs' Complaint.

### B. The Sign Ordinance Is Invalid Due to Overbreadth.

26. Defendant denies the allegations contained in paragraph 26 of Plaintiffs' Complaint.

27. Defendant is not required to respond to paragraph 27 of Plaintiffs' Complaint to the extent that it contains statements of law. Defendant denies the remaining allegations contained in paragraph 27 of Plaintiffs' Complaint.

### C. The Sign Ordinance Is Also Invalid for Vagueness.

28. Defendant denies the allegations contained in paragraph 28 of Plaintiffs' Complaint.

29. Defendant denies the allegations contained in paragraph 29 of Plaintiffs' Complaint.

30. Defendant denies the allegations contained in paragraph 30 of Plaintiffs' Complaint.

## VI.
## SECOND CAUSE OF ACTION: VIOLATION OF TEXAS CONSTITUTION

31. Defendant denies the allegations contained in paragraph 31 of Plaintiffs' Complaint.

32. Defendant is not required to respond to paragraph 32 of Plaintiffs' Complaint because it is a statement of law.

33. Defendant is not required to respond to sentence 1 of paragraph 33 of Plaintiffs' Complaint because it is a statement of law. Defendant denies the remaining allegations contained in paragraph 33 of Plaintiffs' Complaint.

34. Defendant denies the allegations contained in paragraph 34 of Plaintiffs' Complaint.

## VII.
## THIRD CAUSE OF ACTION: VIOLATION OF STATUTORY AUTHORITY

35. Defendant is not required to respond to paragraph 35 of Plaintiffs' Complaint because it is a statement of law. Defendant denies the remaining allegations contained in paragraph 35 of Plaintiffs' Complaint.

36. Defendant is not required to respond to sentence 2 in paragraph 36 of Plaintiffs' Complaint because it is a statement of law. Defendant denies the idea stated in sentences 3 and 4 of paragraph 36 of Plaintiffs' Complaint. Defendant admits that the City of Rockwall based its Sign Ordinance on Texas law.

## VIII.
## DAMAGES

37. Defendant denies that it has violated any rights of Plaintiffs and further denies that it is responsible for any damages Plaintiffs may have suffered. Defendant denies the remaining allegations contained in paragraph 37 of Plaintiffs' Complaint.

## IX.
## PUNITIVE DAMAGES

38. Defendant denies that it has violated any rights of Plaintiffs and further denies that it is responsible for any damages Plaintiffs may have suffered. Defendant denies the remaining allegations contained in paragraph 38 of Plaintiffs' Complaint.

## X.
## DECLARATORY RELIEF

39. Defendant denies that it has violated any rights of Plaintiffs and further denies that Plaintiffs are entitled to any declaratory relief. Defendant denies the remaining allegations contained in paragraph 39 of Plaintiffs' Complaint.

## XI.
## INJUNCTIVE RELIEF

40. Defendant denies that it has violated any rights of Plaintiffs and further denies that Plaintiffs are entitled to any injunctive relief. Defendant denies the remaining allegations contained in paragraph 40 of Plaintiffs' Complaint.

## XII.
## ATTORNEY'S FEES

41. Defendant denies that it has violated any rights of Plaintiffs and further denies that Plaintiffs are entitled to any attorney's fees. Defendant denies the remaining allegations contained in paragraph 41 of Plaintiffs' Complaint.

## XIII.
## PRAYER FOR RELIEF

42. Defendant admits that Plaintiffs request the relief listed. Defendant denies that Plaintiffs are entitled to any such relief. Defendant denies that it has violated any rights of Plaintiffs and further denies that it is responsible for any damages Plaintiffs may have suffered. Defendant denies the remaining allegations contained in paragraph 42 of Plaintiffs' Complaint.

## XIV.
## DEMAND FOR JURY TRIAL

43. Defendant requests a jury trial.

## XV.
## AFFIRMATIVE DEFENSES

1. Defendant affirmatively pleads that Plaintiffs cannot establish a violation of their rights pursuant to a policy, custom or practice of the City of Rockwall.

2. Defendant affirmatively pleads that it cannot be liable for punitive/exemplary damages under Federal law or state law.

3. Defendant affirmatively pleads that it had legitimate non-discriminatory reasons for its actions.

4. Defendant affirmatively pleads that to the extent Plaintiffs prove that Defendant's decisions were motivated in part by Plaintiffs' protected status or protected activity, Defendant affirmatively pleads that it would have taken the same action against Plaintiffs in the absence of Plaintiffs' protected status or protected activity.

5. Defendant affirmatively pleads that Plaintiff No Higher Taxes lacks standing to bring the claims it is asserting in Plaintiffs' Complaint.

6. Defendant affirmatively pleads that Plaintiff No Higher Taxes lacks capacity to bring the claims it is asserting in Plaintiffs' Complaint.

7. Defendant affirmatively pleads that Plaintiffs have failed to state a claim upon

which relief can be granted.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiffs take nothing by this suit; that all relief requested by Plaintiffs be denied, and that Defendant be awarded all costs of suit and attorney's fees; Defendant further prays for such other and further relief, both general or special, at law or in equity, to which they may show himself to be justly entitled.

Respectfully submitted,

   /s/ Thomas P. Brandt
**THOMAS P. BRANDT**
State Bar No. 02883500
**JOSHUA A. SKINNER**
State Bar No. 24041927
**FRANCISCO J. VALENZUELA**
State Bar No. 24056464
**FANNING HARPER & MARTINSON, P.C.**
Two Energy Square
4849 Greenville Ave., Suite 1300
Dallas, Texas 75206
(214) 369-1300  (office)
(214) 987-9649  (telecopier)

**ATTORNEYS FOR DEFENDANTS
CITY OF ROCKWALL, CLIFF GRIFFIN and
JULIE COUCH**

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been mailed, emailed, telecopied, or hand delivered to all attorneys of record, in compliance with Rule 5 of the Federal Rules of Civil Procedure, on this the 20th day of September, 2007.

   /s/ Thomas P. Brandt
**THOMAS P. BRANDT**