# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **NO HIGHER TAXES, STEVE PRUITT**<br>**and DEBRA PRUITT** | § <br> § <br> § | |
| **Plaintiffs** | § | |
| **v.** | § <br> § | **Civil Action No. 3:07-CV-1338-P** |
| **CLIFF GRIFFIN, individually and in his**<br>**capacity as Code Enforcement Supervisor,**<br>**JULIE COUCH, individually and in her**<br>**capacity as City Manager, and CITY OF**<br>**ROCKWALL** | § <br> § <br> § <br> § <br> § | **ECF** |
| | § <br> § | |
| **Defendants** | § | |

## DEFENDANTS' RESPONSE TO PLAINTIFFS'
## APPLICATION FOR PRELIMINARY INJUNCTION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants Cliff Griffin ("Griffin"), Julie Couch ("Couch") and the City of Rockwall ("City") (jointly, "Defendants"), and files this their Response to Plaintiffs' Application for Preliminary Injunction.  In support thereof, Defendants respectfully show unto the Court as follows:

## I.
## SUMMARY

The Court should deny Plaintiffs' Application for Preliminary Injunction because it is moot.  The City has amended its ordinance to remove the language identified by Plaintiffs as problematic and Defendants Griffin and Couch state, under oath, that it is their understanding that the Plaintiffs' sign does not fit within the relevant ordinance subsection.  The City's amendment clearly states that it has always been the intention of the City to comply with the Texas statute and that it amended its ordinance in order to make its intention even clearer.  Plaintiffs, however, have unreasonably refused to withdraw their request for an injunction

because they claim that the Sign Ordinance continues to violate the First Amendment, the Texas Constitution and Local Government Code § 216.903.   Defendants ask the Court to deny Plaintiffs' Application for Preliminary Injunction and, to the extent Plaintiffs are challenging the constitutionality of Local Government Code § 216.903, Defendants request that the Court abate the proceedings until the Texas Attorney General can have an opportunity to intervene in order to defend Texas law.

## II.
## OBJECTIONS

Defendants object to the Plaintiffs' evidence generally as follows:

1.      The Declarations, although they claim to be based on personal knowledge, are not based upon personal knowledge.  At times, it is clear that the declarations are based on hearsay information.

2.      Defendants object to the Declarations being considered by the Court without giving Defendants an opportunity to cross-examine the declarants and challenge them.

**III.**
**TABLE OF CONTENTS**

I.      SUMMARY ..................................................................................................................1

II.     OBJECTIONS ..............................................................................................................2

III.    TABLE OF CONTENTS ..............................................................................................3

IV.     TABLE OF AUTHORITIES ........................................................................................4

V.      BACKGROUND ..........................................................................................................5

VI.     PRELIMINARY INJUNCTION STANDARD ...........................................................10

VII.    ARGUMENTS AND AUTHORITIES ........................................................................10

      A.      Plaintiffs Are Not Substantially Likely to Succeed on the Merits Because
           Their Claims are Moot or They Lack Standing to Raise Them. ...........................10

           1.      Plaintiffs' Argument Regarding the Word "Designed" Are Moot
                Because the City Has Amended Its Ordinance. ........................................10

           2.      Plaintiffs Lack Standing to Raise Their Argument Regarding the
                "Temporary Basis" Language in the Statute. ...........................................13

      B.      There Is No Substantial Threat That Plaintiff Will Suffer Irreparable
           Harm. ..................................................................................................................15

      C.      Any Injury To Plaintiffs Do Not Outweigh the Harm to Defendants. ..................16

      D.      Granting An Injunction Will Disserve the Public Interest. ...................................17

VIII.   PRAYER .....................................................................................................................17

**IV.**
**TABLE OF AUTHORITIES**

**Cases**

*Associated Gen. Contractors of Calif. v. Coalition for Econ. Equity*, 950 F.2d
    1401 (9th Cir. 1991) ........................................................................................ 15

*Associated General Contractors v. Jacksonville*, 508 U.S. 656 (1993) ........................................ 11

*Bunker Ltd. Partnership v. United States*, 820. F.2d 308 (9th Cir. 1987) .................................... 11

*Burke v. Barnes*, 479 U.S. 361 (1987) ...................................................................................... 11

*Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464
    (5th Cir. 1985) ............................................................................................... 15

*Harris County, Texas v. Carmax Superstores, Inc.*, 177 F.3d 306 (5th Cir.1999) ...................... 10

*Honig v. Doe*, 484 U.S. 305 (1988) ........................................................................................... 11

*Kremens v. Bartley,* 431 U.S. 119 (1977) ................................................................................... 11

*Lewis v. Continental Bank Corp.*, 494 U.S. 472 (1990) ............................................................... 11

*Lewis v. S.S. Baune*, 534 F.2d 1115 (5th Cir. 1976) .................................................................. 15

*Liner v. Jafco, Inc.*, 375 U.S. 301 (1964) ................................................................................... 11

*Mississippi Power & Light v. United Gas Pipe Line Co.,* 760 F.2d 618 (5th
    Cir.1985) ........................................................................................................ 10

*North Carolina v. Rice*, 404 U.S. 244 (1971) .............................................................................. 11

*Penny Saver Publications v. Hazel Crest*, 905 F.2d 150 (7th Cir. 1990) ..................................... 11

*Sugar Busters LLC v. Brennan*, 177 F.3d 258 (5th Cir. 1999) ...................................................... 10

*Thomas v. Fielder*, 884 F.2d 990 (7th Cir. 1989) ....................................................................... 12

*United States Dep't of Treasury v. Galioto*, 477 U.S. 556 (1986) ................................................ 11

*United States Parole Comm'n v. Geraghty*, 445 U.S. 388 (1980) ................................................ 11

*United States v. Alaska S.S. Co.*, 253 U.S. 113 (1920) ............................................................... 11

*White v. Carlucci*, 862 F.2d 1209 (5th Cir. 1989) ..................................................................... 15

**Statutes**

Tex. Local Gov't Code § 216.003 ........................................................................................... 14

Tex. Local Gov't Code § 216.901 ........................................................................................... 14

Tex. Local Gov't Code § 216.903 ...................................................................................... passim

**Rules**

FED. R. CIV. P. 65 ................................................................................................................. 10

**Treatises**

Henry P. Monaghan, *Constitutional Adjudication: The Who and When*, 82 Yale
    L.J. 1363 at 1384 (1973) ................................................................................ 11

# V.
# BACKGROUND

1.      On September 1, 2003, the Texas Legislature enacted Local Government Code §

216.903 "Regulation of Political Signs by Municipality".  Section 216.903 states,

> (a) In this section, "private real property" does not include real
> property subject to an easement or other encumbrance that
> allows a municipality to use the property for a public purpose.
>
> (b) A municipal charter provision or ordinance that regulates signs
> may not, for a sign that contains primarily a political message
> and that is located on private real property with the consent of
> the property owner:
>
> > (1) prohibit the sign from being placed;
> >
> > (2) require a permit or approval of the municipality or impose a
> > fee for the sign to be placed;
> >
> > (3) restrict the size of the sign; or
> >
> > (4) provide for a charge for the removal of a political sign that
> > is greater than the charge for removal of other signs
> > regulated by ordinance.
>
> (c) Subsection (b) does not apply to a sign, including a billboard,
> that contains primarily a political message on a temporary basis
> and that is generally available for rent or purchase to carry
> commercial advertising or other messages that are not
> primarily political.
>
> (d) Subsection (b) does not apply to a sign that:
>
> > (1) has an effective area greater than 36 feet;
> >
> > (2) is more than eight feet high;
> >
> > (3) is illuminated; or
> >
> > (4) has any moving elements.

Tex. Local Gov't Code § 216.903.

2.      On February 6, 2006, the City Council of the City of Rockwall amended its Sign

Ordinance with the specific intent of bringing the Sign Ordinance into compliance with state law.

Appendix, p. 2.  It was the intention of the City Council of the City of Rockwall for its Sign Ordinance to be in compliance with the law. Appendix, p. 2.  In order to comply with Section 216.903, the City enacted Section III(B)(13) of its Sign Ordinance, which stated,

> A person commits an offense if the person displays a political sign on private property unless the person has the permission of the property owner and the sign:
>
> 1.  is not more than eight (8) feet high;
>
> 2.  has an effective area less than 36 feet;
>
> 3.  is not illuminated;
>
> 4.  does not have any moving elements; and
>
> 5.  is not generally available for rent or purchase and/or designed to carry commercial advertising or other messages that are not primarily political.

Appendix, p. 2-3.

    3.    On August 2, 2007, Plaintiffs brought suit challenging Section III(B)(13) of the City's Sign Ordinance. *See* Docket No. 1 [Complaint].  Plaintiffs allege that No Higher Taxes "owns and publicly displays a sign on [sic] with messages critical of Rockwall County and City government and officials." Docket No. 1, p. 2 [Complaint ¶11]; Docket No. 2, p. 1 [Application for Preliminary Injunction ¶1].  Plaintiffs Complaint and Application for Preliminary Injunction indicate that only non-commercial, political messages have been displayed on the sign. Docket No. 1, pp. 2-3 [Complaint ¶11]; Docket No. 2, pp. 1-2 [Application ¶1].  Plaintiffs specifically allege that No Higher Taxes "used the sign to display messages highly critical of county and city government." Docket No. 1, p. 3 [Complaint ¶13]; Docket No. 2, p. 2 [Application ¶3].  These statements by Plaintiffs regarding the non-commercial, political nature of their sign is also found in the January 5, 2007, letter from Plaintiffs' former counsel, Todd W. White, to Defendant Cliff Griffin. Appendix, pp. 8-9.  Mr. White states, "This sign is not, nor has it ever been a

"commercial" sign.  A simple look at the sign, which is labeled "politically speaking" shows that it is not for advertising.  If it were a commercial sign, for hire, why would it bear that permanent message?" Appendix, p. 8.

4.      Plaintiffs allege that the City retaliated against Plaintiffs because of the political messages conveyed by their sign. Docket No. 1, p. 5 [Complaint ¶25].  Plaintiffs allege that Defendants retaliated against them by attempting to enforce Section III(B)(13) of the Sign Ordinance against them. *See* Docket No. 1, pp. 5-6 [Complaint ¶¶26, 29].  In essence, Plaintiffs contend that Section III(B)(13) does not comply with Local Government Code Section 216.903 and is, in addition, overly broad and vague such that Defendants have been able to practice selective enforcement. *See* Docket No. 1, pp. 6 [Complaint ¶¶30]. Plaintiffs state,

> In promulgating the Sign Ordinance, the City of Rockwall followed the text of 216.903 with one exception; it inserted the word 'designed' in front of "to carry commercial advertising or other messages that are not primarily political."  The addition of "designed" has no basis in the statute and broadens the sweep of the Sign Ordinance so as to make it unconstitutional.  All signs are designed to broadcast messages.  Therefore, any sign has the potential to carry commercial advertising.

Docket No. 1, pp. 7-8 [Complaint ¶36]; *see also* Docket No. 1, p. 4 [Complaint ¶18].

5.      On December 12, 2007, the City enacted Ordinance No. 07-56, amending Section III(B)(13) of its Sign Ordinance in order to confirm its original intent to have its Sign Ordinance be in compliance with the law. Appendix, pp. 2-3.  Defendants Couch and Griffin state in their affidavits that they never had any intention of discriminating against Plaintiffs because of the content of the messages on Plaintiffs' sign. Appendix, pp. 5 and 7 [Affidavit of Julie Couch ¶6; Affidavit of Cliff Griffin ¶7].  The amended Section III(B)(13) states,

> A person commits an offense if the person displays a political sign on private property unless the person has the permission of the property owner and the sign:

1.  is not more than eight (8) feet high;

2.  has an effective area less than 36 feet;

3.  is not illuminated;

4.  does not have any moving elements; and

5.  is not generally available for rent or purchase to carry commercial advertising or other messages that are not primarily political.

Appendix, p. 2-3 [Section III(B)(13) (2007)]. Of note, amended Section III(B)(13) removes the phrase "and/or designed" from the ordinance. Appendix, p. 3. Based on their experience and what they have learned from this lawsuit, Defendants Couch and Griffin do not believe that Plaintiffs' sign is generally available for rent or purchase to carry commercial advertising or other messages that are not primarily political. Appendix, pp. 5 and 7 [Affidavit of Julie Couch ¶5; Affidavit of Cliff Griffin ¶7].

6.      On January 3, 2008, Francisco Valenzuela, counsel for Defendants, spoke with James Harrington, about the amendment to the City's Sign Ordinance and Mr. Harrington agreed to withdraw Plaintiffs' request for a preliminary injunction. *See* Appendix, pp. 10-11 [Affidavit of Francisco J. Valenzuela ¶3].

7.      Later on January 3, 2008, Mr. Valenzuela sent Mr. Harrington a proposed Agreed Notice of Withdrawal of Plaintiffs' Application for Preliminary Injunction. Appendix, p. 11 and 12 [Affidavit of Francisco J. Valenzuela ¶4; Email from Mr. Valenzuela to Mr. Harrington (January 3, 2008)].

8.      On January 7, 2008, Mr. Harrington sent an email to counsel for Defendants stating, "The new ordinance still does not track the state statute, and the way it is drafted may still apply to plaintiffs in this case. Thus, we cannot agree." Appendix, p. 11 and 12 [Affidavit of Francisco J. Valenzuela, ¶7; Email from Mr. Harrington to Mr. Valenzuela (January 7, 2008)].

9.    On January 8, 2008, Joshua Skinner, counsel for Defendants, spoke with Mr. Harrington about the amendment to the Sign Ordinance. Appendix, p. 13 [Affidavit of Joshua A. Skinner ¶3].  Mr. Harrington stated that the Sign Ordinance is still not in compliance because its does not contain the language "including a billboard, that contains primarily a political message on a temporary basis." *Id.* at 13-14 [¶3]; *see also* Tex. Local Gov't Code § 216.903(c).  Mr. Harrington contended that this additional language provides the proper basis for interpreting the phrase "generally available" and that its omission renders the Sign Ordinance unconstitutionally vague and overly broad. Appendix, p. 14 [Affidavit of Joshua S. Skinner ¶4].  Mr. Skinner pointed out that Plaintiffs did not raise this issue in their Complaint. *Id.* at 14 [¶5]  Mr. Skinner specifically pointed out the language in Plaintiffs' Complaint in which they allege that the only problem with the Sign Ordinance is the inclusion of the word "designed." *Id.*  In addition, Mr. Skinner stated that he was not aware that the sign was "generally available for rent or purchase to carry commercial advertising or other messages that are not primarily political." *Id.* at 14 [¶6]; s*ee also* Section III(B)(13)(5).  Mr. Skinner stated that he was not aware that the sign was available for rent or purchase at all nor that it ever carried commercial advertising or other messages that are not primarily political. Appendix, p. 14 [Affidavit of Joshua S. Skinner ¶6] Mr. Harrington stated that he did not know whether it was available for rent or purchase nor whether it ever carried commercial advertising or other messages that are not primarily political. *Id.* at 14 [¶7].  Mr. Skinner and Mr. Harrington were unable to reach any resolution of the matter. *Id.* at 14 [¶8].

# VI.
## PRELIMINARY INJUNCTION STANDARD

The requirements for a preliminary injunction are set forth in Rule 65 of the Federal

Rules of Civil Procedure as follows:

1.     A substantial likelihood that plaintiff will prevail on the merits;
2.     A substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted;
3.     That the threat and injury to plaintiff outweighs the threat and harm the injunction may do to the defendant; **and**
4.     That granting the preliminary injunction will not disserve the public interest.

FED. R. CIV. P. 65; *Sugar Busters LLC v. Brennan*, 177 F.3d 258, 265 (5th Cir. 1999).

Plaintiffs have the burden of proving each of the requirements in order to establish its

entitlement to a preliminary injunction.  "Any injunctive relief is considered an extraordinary and

drastic remedy, not to be granted routinely, but only when the movant, by a clear showing,

carries the burden of persuasion." *Harris County, Texas v. Carmax Superstores, Inc.*, 177 F.3d

306, 312 (5th Cir.1999) (citations omitted).  "The decision to grant a preliminary injunction is to

be treated as the exception rather than the rule." *Mississippi Power & Light v. United Gas Pipe

Line Co.,* 760 F.2d 618 (5th Cir.1985).  Plaintiffs have to allege and prove every requirement for

entry of a preliminary injunction.  If it cannot prevail on any one of the requirements, it is not

entitled to injunctive relief.  *See* FED. R. CIV. P. 65.

# VII.
## ARGUMENTS AND AUTHORITIES

A.     **Plaintiffs Are Not Substantially Likely to Succeed on the Merits Because Their Claims are Moot or They Lack Standing to Raise Them.**

1.     **Plaintiffs' Argument Regarding the Word "Designed" Are Moot Because the City Has Amended Its Ordinance.**

Among the myriad issues implicated by the requirement of standing is that of mootness.

"Federal courts are without power to decide questions that cannot affect the rights of litigants in

the case before them." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971). The Constitution restricts the federal courts to deciding only "actual, ongoing controversies." *Honig v. Doe*, 484 U.S. 305, 317 (1988). The inability of the federal judiciary "to review moot cases derives from the requirement of Art. III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy." *Liner v. Jafco, Inc.*, 375 U.S. 301, 306 n.3 (1964).

A live controversy must exist at all stages of review. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). The Supreme Court has echoed Professor Monaghan's observation that mootness analysis reflects "the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *United States Parole Comm'n v. Geraghty*, 445 U.S. 388 (1980) (quoting Henry P. Monaghan, *Constitutional Adjudication: The Who and When*, 82 Yale L.J. 1363 at 1384 (1973)). In other words, at every stage in the proceedings, the court must "stop, look, and listen" to determine the impact of changes in the law on the case before it. *Kremens v. Bartley,* 431 U.S. 119, 135 (1977).

As a general rule, if a challenged law is repealed, expired, or materially amended, the case becomes moot. *United States v. Alaska S.S. Co.*, 253 U.S. 113, 116 (1920); *Associated General Contractors v. Jacksonville*, 508 U.S. 656 (1993); *see also Burke v. Barnes*, 479 U.S. 361, 363 (1987) (bill expired during pendency of appeal, rendering moot question of whether president's pocket veto prevented bill from becoming law); *United States Dep't of Treasury v. Galioto*, 477 U.S. 556, 559-560 (1986) (amendment to federal statute rendered case moot); *Bunker Ltd. Partnership v. United States*, 820. F.2d 308, 312 (9th Cir. 1987) (new legislation which superseded prior law rendered arguments based on superseded law moot); *Penny Saver Publications v. Hazel Crest*, 905 F.2d 150, 153 (7th Cir. 1990) and *Thomas v. Fielder*, 884 F.2d

990, 995 (7th Cir. 1989) (if a law is amended so as to remove the challenged features, a claim seeking injunctive relief becomes moot as to those features).  In such cases there is no longer an actual controversy for the court to address and a judicial remedy is no longer needed.

The City of Rockwall has amended its Sign Ordinance and removed the phrase that Plaintiffs' allege violated their constitutional rights.  Plaintiffs challenge the City of Rockwall's Sign Ordinance under the First Amendment, the Texas Constitution, and Texas Local Government Code Section 216.903.  In particular, Plaintiffs allege that the word "designed" in Section III(B)(13) of the City's Sign Ordinance violates Plaintiffs' rights, goes beyond the City's statutory authority, and has provided the City the opportunity discriminate against Plaintiffs because of the political content of their sign. *See generally* Docket No. 1, pp. 5-8 [Complaint ¶¶22, 26, 29-30, and 36].

The City, however, enacted Section III(B)(13) as part of an effort to comply with state law. Appendix, p. 2.  There was never any intent and continues to be no intent on the part of the City to go beyond its authority to regulate signs in the City of Rockwall. Appendix, p. 2. Moreover, in order to clarify its intent to comply with Local Government Code Section 216.903, the City amended Section III(B)(13) of the Sign Ordinance and removed the "designed" language to which Plaintiffs objected. Appendix, pp. 2-3.  As a result, Plaintiffs request for injunctive relief is moot.   The precise language that Plaintiffs identified as being unconstitutionally vague and overbroad and which Plaintiffs allege permitted the City to discriminate against them has been removed.  This Court should deny Plaintiffs' Application for Preliminary Injunction.

**2.**     **Plaintiffs Lack Standing to Raise Their Argument Regarding the "Temporary Basis" Language in the Statute.**

In Plaintiffs' Complaint, they clearly state that in promulgating the Sign Ordinance, "the City of Rockwall followed the text of 216.903 with one exception; it inserted the word 'designed' in front of 'to carry commercial advertising or other messages that are not primarily political.'" Docket No. 1, p. 7 [Complaint ¶36].   Now that the City has removed the word "designed" from the Sign Ordinance, the Plaintiffs, through their counsel, have claimed that the Sign Ordinance has additional deficiencies that were not raised in their Complaint nor in their Application for Preliminary Injunction.   Because these issues were not raised in Plaintiffs' Complaint nor in their Application for Preliminary Injunction, the Court should not grant an injunction based on these claims.   In addition, the Court should not grant an injunction based on these claims because they are without merit and Plaintiffs do not have standing to bring them.

Section 216.903 of the Texas Local Government Code prohibits the regulation by municipalities of signs that contain primarily political messages except under certain conditions. First, municipalities are permitted to regulate such signs if they have an effective area greater than 36 feet, if they are more than eight feet high, if they are illuminated or if they have any moving elements. Tex. Local Gov't Code § 216.903(d).   This exception is codified by the City in Section (III)(B)(13)(1-4) of the Sign Ordinance.   Subsections 1-4 are not at issue in this lawsuit. *See generally* Docket No. 1 [Complaint].   Second, municipalities are permitted to regulate a sign, "including a billboard, that contains primarily a political message on a temporary basis and that is generally available for rent or purchase to carry commercial advertising or other messages that are not primarily political." Tex. Local Gov't Code § 216.903(c).   This exception is generally codified by the City in Section III(B)(13)(5).   In other words, municipalities can regulate commercial and non-political signs even if they contain political messages on a temporary basis.

*See also* Tex. Local Gov't Code §§ 216.003 and 216.901 (generally permitting municipalities to regulate signs).  As a result, the City of Rockwall enacted its amended ordinance to state, in relevant part,

> A person commits an offense if the person displays a political sign on private property unless the person has the permission of the property owner and the sign:
>
> …
>
> 5. is not generally available for rent or purchase to carry commercial advertising or other messages that are not primarily political.

Appendix, pp. 2-3 [Section III(B)(13) (2007)].  Plaintiffs' now object to the failure to include the language from the statute that states, "including a billboard, that contains primarily a political message on a temporary basis." Tex. Local Gov't Code § 216.903(c).  Because the Sign Ordinance is structured differently than the Local Government Code, it is difficult to determine exactly what scenario Plaintiffs' envision violating their rights.  It seems, however, that Plaintiffs intend to contend that if a sign carries primarily political messages on more than a temporary basis, but is generally available for rent or purchase to carry commercial advertising or other messages that are not primarily political, it will run afoul of the Sign Ordinance, but should be protected by Texas Local Government Code Section 216.903.  If Defendants have properly understood the argument made by Mr. Harrington during his phone conversation with Mr. Skinner, Plaintiffs have not raised this argument in their Complaint, nor in their Application for Preliminary Injunction nor do they have standing to bring it.  There are no allegations in their Complaint or Application for Preliminary Injunction that Plaintiffs' sign is generally available for rent or purchase to carry commercial advertising or other messages that are not primarily political.  Moreover, it is the understanding of Defendants Couch and Griffin that the sign is <u>not</u> generally available for rent or purchase to carry commercial advertising or other messages that

are not primarily political. Appendix, pp. 5 and 7 [Affidavit of Julie Couch ¶5; Affidavit of Cliff Griffin ¶7].  In fact, Plaintiffs' Complaint specifically states that No Higher Taxes "owns and publicly displays a sign on [sic] with messages critical of Rockwall County and City government and officials." Docket No. 1, p. 2 [Complaint ¶11].  Plaintiffs also allege that the sign is used "to display messages highly critical of county and city government." *Id.* at 3 [¶13].  In addition, the January 5, 2007, letter from Plaintiffs' former counsel specifically states that the sign is not nor ever has been a commercial sign.

> This sign is not, nor has it ever been a "commercial" sign.  A simple look at the sign, which is labeled "politically speaking" shows that it is not for advertising.  If it were a commercial sign, for hire, why would it bear that permanent message?

Appendix, p. 8.  There is nothing to indicate that Plaintiffs have in the past, currently are, or anticipate being in the future in the hypothetical scenario that now seems to be the basis for their request for a preliminary injunction.  As a result, the Court should deny Plaintiffs' Application for Preliminary Injunction.

**B.      There Is No Substantial Threat That Plaintiff Will Suffer Irreparable Harm.**

The irreparable harm element must be satisfied by independent proof, or no injunction may issue. *White v. Carlucci,* 862 F.2d 1209, 1211 (5th Cir. 1989) (citations omitted). Clearly demonstrating irreparable harm is a heavy burden to overcome. *See Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985).  Parties seeking pretrial injunctive relief must demonstrate exposure to some significant risk of irreparable injury should the injunctive relief be denied.  *Associated Gen. Contractors of Calif. v. Coalition for Econ. Equity*, 950 F.2d 1401, 1410 (9th Cir. 1991).  Moreover, there is no irreparable injury if the party has an adequate remedy at law. *Lewis v. S.S. Baune*, 534 F.2d 1115, 1123-1124 (5th Cir. 1976); *see also Enterprise Int'l, Inc.*, 762 F.2d at 472-473 ("[T]he possibility that adequate

compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.").

There is no substantial threat that Plaintiffs will suffer irreparably harm because the City has amended its ordinance to remove the language specifically objected to by Plaintiffs and the City has confirmed that it never had and does not have any intention of acting beyond its authority under Section 216.903 of the Texas Local Government Code. Appendix, p. 2-3. Moreover, both Defendants Coach and Griffin have specifically stated in their affidavits that it is their understanding, based on their experience and knowledge of this case, that the sign in question is not "generally available for rent or purchase to carry commercial advertising or other messages that are not primarily political." *See* Section III(B)(13)(5).

C.      **Any Injury To Plaintiffs Do Not Outweigh the Harm to Defendants.**

Any injury to Plaintiffs does not outweigh the harm to Defendants because there is no basis for Plaintiffs to claim that Section III(B)(13) will be enforced against their sign.  The City has removed the language from Section III(B)(13) that Plaintiffs found objectionable and Defendants Coach and Griffin have specifically stated that it is their understanding, based on their experience and knowledge of this case, that the sign in question is not "generally available for rent or purchase to carry commercial advertising or other messages that are not primarily political." *See* Section III(B)(13)(5).  In contrast, preventing the City from enforcing its Sign Ordinance would prevent the City from serving the public through the regulation of signs and would call into question the constitutionality of Section 216.903 of the Texas Local Government Code without providing the Texas Attorney General with an opportunity to defend the state statute.

**D.      Granting An Injunction Will Disserve the Public Interest.**

The City of Rockwall's comprehensive Sign Ordinance, and all of its parts, exist because the City has a significant interest in keeping the City an aesthetically beautiful place to live and work.  An injunction against the City's enforcement of the Sign Ordinance as a whole, or any specific provision thereof, will disserve the public's interest in keeping the City beautiful.

## VIII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants pray that Plaintiffs' Application for Preliminary Injunction be denied, and for such other relief, both general and special, at law or in equity, to which Defendants are entitled.

Respectfully submitted,

\_\_/s/ Thomas P. Brandt_____
**THOMAS P. BRANDT**
State Bar No. 02883500
**JOSHUA A. SKINNER**
State Bar No. 24041927
**FRANCISCO J. VALENZUELA**
State Bar No. 24056464
**FANNING HARPER & MARTINSON, P.C.**
Two Energy Square
4849 Greenville Ave., Suite 1300
Dallas, Texas 75206
(214) 369-1300  (office)
(214) 987-9649  (telecopier)

**ATTORNEYS FOR DEFENDANTS
CITY OF ROCKWALL, CLIFF GRIFFIN
and JULIE COUCH**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing instrument has been emailed, mailed, telecopied, or hand delivered to all attorneys of record, in compliance with Rule 5 of the Federal Rules of Civil Procedure on this the 11th day of January, 2008.

___/s/ Thomas P. Brandt_____
**THOMAS P. BRANDT**